**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | |
|---|---|
| Reginald Tweed #16139 ) | |
| Jonathan Moses #16865 ) | |
| ) | |
| Plaintiffs, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Leann Bertsch, Timothy Schuetzle, Elaine ) | |
| Little, Robert Coad, Barb Gross, Cordell ) | |
| Stromme, Patrick Branson, Robert Heir, ) | |
| Steve Heidt, Steve Foster, Parole Board, ) | Case No. 1:06-cv-032 |
| Classification Committee, Multi ) | |
| Disciplinary Committee, ) | |
| ) | |
| Defendants. ) | |

The plaintiffs, both inmates at the North Dakota State Penitentiary ("NDSP"), filed a pro se complaint with the court pursuant to 42 U.S.C. § 1983. They were granted leave to proceed in forma pauperis under 28 U.S.C. § 1915(b). This case is now before the court for an initial review as mandated by 28 U.S.C. §1915A.

## I.    BACKGROUND

The plaintiffs seek recompense in the form of lost wages and restoration of their privileges for what they characterize as an illegal disciplinary action. They also demand that the results of the disciplinary hearing be expunged from their record and that penitentiary officials/committee members be estopped from considering this conviction when making any future decisions about housing, employment, classification, parole, or pardon consideration. Their complaint alleges the following:

1

> Our 1st, 5th, 8th and 14th Amendment Rights were violated in an illegal Disciplinary Action. For this our claims are against Corrections Officer Elaine Little (Ret.), Prisons Divisions Warden Timothy Schuetzle, Deputy Warden Robert Coad, Case Manager Steve Foster, Unit Manager Robert Heier, and Deputy Warden Patrick Branson, in their official capacities as employees of the State of North Dakota, and in their personal capacities.
>
> On 3-31-05 a Petition for a Writ of Habeas Corpus was granted to us by the Burliegh [sic] County District Court. We immediately used our Administrative remedies, the Prison Grievance Process to the Warden and the Directors of Corrections to get our records expunged, our classification status reviewed and to be compensated for lost wages and privileges. These remedies were all reviewed and denied. For this our claim is against Director of Corrections Elaine Little Director of Corrections Leann Bertch [sic] and Warden Timothy Schuetzle. These defendants addressed these Grievances in their official capacities as employees of the State of North Dakota, and in their personal capacities. Defendants Deputy Warden Robert Coad, Case Manager Steve Foster, Chief of Security Cordell Stromme and Unit Manager Robert Heier investigated and or participated in the Disciplinary action originally violated our 5th, 8th and 14th Amendment Rights.

Plaintiffs' Complaint, Docket No. 4.

## II. DISCUSSION

### A. Standard Governing Initial Review

When prisoners proceeding *in forma pauperis* seek to sue a governmental entity, officer, or employee, the court is required under 28 U.S.C. § 1915A to conduct a preliminary screening of plaintiffs' complaint to identify any cognizable claims and to dismiss the complaint, or any part of it, that is frivolous, malicious, fails to state a claim, or seeks monetary relief from an immune defendant. In conducting the review, the court must keep in mind the admonition of the Eighth Circuit that *pro se* prisoner complaints are to be liberally construed and that the court is obligated to determine whether the complaint provides relief "on any possible theory." Haley v. Dormire, 845 F.2d 1488, 1490 (8th Cir. 1988). The court may not dismiss the complaint unless it "appears beyond

doubt that plaintiff can prove no set of facts that would demonstrate an entitlement to relief." Gordon v. Hansen, 168 F.3d 1109, 1113 (8th Cir. 1999).

In this case, plaintiffs alleges claims under 42 U.S.C. § 1983. To state a claim pursuant to § 1983, the plaintiffs must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

**B.     Analysis**

The United States Supreme Court, in Heck v. Humphrey, held that before an inmate can recover damages under § 1983 for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, he "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a write of habeas corpus, 28 U.S.C. § 2254." 512 U.S. 477, 486-87. It added:

> A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed proceed, in the absence of some other bar to the suit.

Id. at 487.

Here, the plaintiffs' claims relate to disciplinary proceedings that were apparently declared invalid by the State district court's grant of a writ of habeas corpus. As the validity of the

disciplinary proceedings is no longer in issue, they would not be precluded from pursuing a § 1983 claim for damages in this court. This does not end the undersigned's analysis, however.

The plaintiffs' complaint states, without explanation, that their constitutional rights were violated during the course of illegal disciplinary proceedings. It does not, however, identify or describe the conduct that constitutes the basis for the plaintiffs' constitutional claims. The allegation that their disciplinary hearing was unlawful and that the results were overturned by a State habeas proceeding does not by itself state a cognizable claim under § 1983 because not all injuries resulting from official misconduct give rise to a constitutional violation. See e.g., McCormack Sand Co. V. Town of North Hempstead Solid Waste Managment Auth., 960 F. Supp. 589, 593 (E.D.N.Y. 1997) (citing Reich v. Beharry, 883 F.2d 239, 242 (3d Cir. 1989); cf. Mawby v. Ambroyer, 568 F.Supp. 245, 249 (E.D. Mich. 1983) ("[T]he challenged conduct must constitute a constitutional violation on their own; the procedures themselves cannot constitute a separate constitutional interest the violation of which is actionable.")

As the plaintiffs are proceeding pro se, their pleadings are to be liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Nevertheless, a broad reading of their complaint "does not relieve the plaintiff[s] of the burden of alleging sufficient facts on which a recognized legal claim could be based." Riddle v. Mondragon, 83 F.3d 1197, 1201 (10th Cir. 1996). Not every fact has to be described in specific detail. See id. "Nevertheless, conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." Id. Given that the plaintiffs come close to stating a claim, they should be allowed to amend their complaint to include a modicum of detail regarding the underlying conduct at issue.

**III.    CONCLUSION**

The plaintiffs are directed to submit to the court by May 29, 2006, a proposed amended complaint that restates their claims and sets forth a factual basis before the claims.  The plaintiffs need not go into great detail.  However, in addition to referencing illegal detention proceedings, plaintiffs should provide a brief description as to what the defendants did that they believe violated their rights under the First, Fifth, Eighth, and Fourteenth Amendment rights.  Upon its receipt, the amended complaint will be screened by the undersigned in accordance with 28 U.S.C. §1915A.

**IT IS SO ORDERED.**

Dated this 28th of April, 2006.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr.
United States Magistrate Judge