IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| Reginald Tweed #16139 | ) | |
| Jonathan Moses #16865 | ) | |
| | ) | |
| Plaintiffs, | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| vs. | ) | |
| | ) | |
| Leann Bertsch, Timothy Schuetzle, Elaine | ) | |
| Little, Robert Coad, Barb Gross, Cordell | ) | |
| Stromme, Patrick Branson, Robert Heir, | ) | |
| Steve Heidt, Steve Foster, Parole Board, | ) | Case No. 1:06-cv-032 |
| Classification Committee, Multi | ) | |
| Disciplinary Committee, | ) | |
| | ) | |
| Defendants. | ) | |

_____

The plaintiffs, both inmates at the North Dakota State Penitentiary ("NDSP"), filed a pro se complaint with the court pursuant to 42 U.S.C. § 1983. On April 18, 2006, the undersigned granted the plaintiffs leave to proceed in forma pauperis under 28 U.S.C. § 1915(b). Thereafter, the undersigned conducted an initial review of the complaint as mandated by 28 U.S.C. §1915A. Construing the plaintiffs' pleadings liberally, the undersigned concluded that, while they had come close to stating a claim, their complaint did not allege sufficient facts on which a recognized legal claim could be based. Consequently, in an order dated April 28, 2006, the undersigned directed the plaintiffs to submit a proposed amended complaint by May 29, 2006, that restated and set forth the factual basis for their claims. As they have not submitted an amended complaint addressing the aforementioned deficiencies, the undersigned recommends that their original complaint be dismissed without prejudice.

**I.    BACKGROUND**

1

The plaintiffs seek recompense in the form of lost wages and restoration of their privileges for what they characterize as an illegal disciplinary action. They also demand that the results of the disciplinary hearing be expunged from their record and that penitentiary officials/committee members be estopped from considering this disciplinary action when making any future decisions about housing, employment, classification, parole, or pardon consideration. Their complaint alleged the following:

> Our 1st, 5th, 8th and 14th Amendment Rights were violated in an illegal Disciplinary Action. For this our claims are against Corrections Officer Elaine Little (Ret.), Prisons Divisions Warden Timothy Schuetzle, Deputy Warden Robert Coad, Case Manager Steve Foster, Unit Manager Robert Heier, and Deputy Warden Patrick Branson, in their official capacities as employees of the State of North Dakota, and in their personal capacities.
>
> On 3-31-05 a Petition for a Writ of Habeas Corpus was granted to us by the Burleigh [sic] County District Court. We immediately used our Administrative remedies, the Prison Grievance Process to the Warden and the Directors of Corrections to get our records expunged, our classification status reviewed and to be compensated for lost wages and privileges. These remedies were all reviewed and denied. For this our claim is against Director of Corrections Elaine Little Director of Corrections Leann Bertch [sic] and Warden Timothy Schuetzle. These defendants addressed these Grievances in their official capacities as employees of the State of North Dakota, and in their personal capacities. Defendants Deputy Warden Robert Coad, Case Manager Steve Foster, Chief of Security Cordell Stromme and Unit Manager Robert Heier investigated and or participated in the Disciplinary action originally violated our 5th, 8th and 14th Amendment Rights.

Plaintiffs' Complaint, Docket No. 4.

## II.   DISCUSSION

### A.   Standard Governing Initial Review

When prisoners proceeding *in forma pauperis* seek to sue a governmental entity, officer, or employee, the court is required under 28 U.S.C. § 1915A to conduct a preliminary screening of plaintiffs' complaint to identify any cognizable claims and to dismiss the complaint, or any part of it, that is frivolous, malicious, fails to state a claim, or seeks monetary relief from an immune defendant. In conducting the review, the court must keep in mind the admonition of the Eighth Circuit that *pro se*

prisoner complaints are to be liberally construed and that the court is obligated to determine whether the complaint provides relief "on any possible theory." Haley v. Dormire, 845 F.2d 1488, 1490 (8th Cir. 1988). The court may not dismiss the complaint unless it "appears beyond doubt that plaintiff can prove no set of facts that would demonstrate an entitlement to relief." Gordon v. Hansen, 168 F.3d 1109, 1113 (8th Cir. 1999).

In this case, plaintiffs alleges claims under 42 U.S.C. § 1983. To state a claim pursuant to § 1983, the plaintiffs must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

**B.      Analysis**

The United States Supreme Court, in Heck v. Humphrey, held that before an inmate can recover damages under § 1983 for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, he "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a write of habeas corpus, 28 U.S.C. § 2254." 512 U.S. 477, 486-87. It added:

> A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed proceed, in the absence of some other bar to the suit.

Id. at 487.

Here, the plaintiffs' claims relate to disciplinary proceedings that allegedly were declared invalid by the State district court's grant of a writ of habeas corpus. As the validity of the disciplinary proceedings is no longer in issue, they would not be precluded from pursuing a § 1983 claim for damages in this court. This does not end the undersigned's analysis, however.

The plaintiffs' complaint states, without explanation, that their constitutional rights were violated during the course of illegal disciplinary proceedings. It does not, however, identify or describe the conduct that constitutes the basis for the plaintiffs' constitutional claims. The allegation that their disciplinary hearing was unlawful and that the results were overturned by a State habeas proceeding does not by itself state a cognizable claim under § 1983 because not all injuries resulting from official misconduct give rise to a constitutional violation. See e.g., McCormack Sand Co. V. Town of North Hempstead Solid Waste Managment Auth., 960 F. Supp. 589, 593 (E.D.N.Y. 1997) (citing Reich v. Beharry, 883 F.2d 239, 242 (3d Cir. 1989); cf. Mawby v. Ambroyer, 568 F.Supp. 245, 249 (E.D. Mich. 1983) ("[T]he challenged conduct must constitute a constitutional violation on their own; the procedures themselves cannot constitute a separate constitutional interest the violation of which is actionable.")

As the plaintiffs are proceeding pro se, their pleadings are to be liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Nevertheless, a broad reading of their complaint "does not relieve the plaintiff[s] of the burden of alleging sufficient facts on which a recognized legal claim could be based." Riddle v. Mondragon, 83 F.3d 1197, 1201 (10th Cir. 1996). Not every fact has to be described in specific detail. See id. "Nevertheless, conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." Id.

The plaintiffs were advised of their complaint's deficiencies in the undersigned's order dated April 28, 2006, and given ample opportunity to address them. In addition, they were given explicit

instructions as to how this could be accomplished; they were advised that, in addition to referencing illegal detention proceedings, they should provide a brief description of the defendant's conduct that they believe amounted to a violation of their First, Fifth, Eighth, and Fourteenth Amendment rights. They have not acted on these instructions, however, as they have not submitted a proposed amended complaint. Thus, all the that is left for the undersigned to review is their original complaint. As their original complaint consists of conclusory allegations without supporting factual averments, the undersigned concludes that it fails to state a claim on which relief can be based.

### III.   CONCLUSION

Having concluded an initial review of the plaintiffs' complaint, it is hereby **RECOMMENDED** that the plaintiffs' claims be **DISMISSED WITHOUT PREJUDICE**.

### NOTICE OF RIGHT TO FILE OBJECTIONS

Pursuant to Local Rule 72.1(3)(4), any party may object to this recommendation within ten (10) days after being served with a copy of this Report and Recommendation. Failure to file appropriate objections may result in the recommended action being taken.

Dated this 29th day of June, 2006.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr.
United States Magistrate Judge