**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Reginald Tweed and Jonathan Moses, | ) | |
| | ) | |
| Plaintiffs, | ) | **ORDER ADOPTING** |
| | ) | **REPORT AND RECOMMENDATION** |
| vs. | ) | |
| | ) | |
| Timothy Schuetzle, Robert Coad, Elaine Little, Patrick Branson, Steve Foster, Steve Heidt, Barb Gross, Parole Board, Classification Committee, Multi-Disciplinary Committee, | ) ) ) ) ) | Case No. 1:06-cv-032 |
| | ) | |
| Defendants. | ) | |

The plaintiffs, Reginald Tweed and Jonathan Moses, filed this pro se civil rights action under 42 U.S.C. § 1983 on April 19, 2006. Magistrate Judge Charles S. Miller, Jr. conducted an initial review of the Plaintiffs' complaint as mandated by 28 U.S.C. § 1915A, and submitted a Report and Recommendation. Judge Miller recommended that the Plaintiffs' claims against the North Dakota Parole Board be dismissed without prejudice, that the claim for damages against the Defendants in their official capacities be dismissed, and that the Plaintiffs be allowed to proceed with the remainder of their claims against the remaining Defendants.

The Plaintiffs filed a "Clarification of Information Contained in Amended Complaint and Report and Recommendation" on September 6, 2006. The Plaintiffs' pleading stated:

> The Plaintiffs, Reginald Tweed and Jonathan Moses, pro se, would like to clarify information given to United States Magistrate Judge Charles Miller in their Amended Complaint submitted May 25th, 2006.
> The date the North Dakota Parole Board made it's (sic) decision concerning Jonathan Moses was November 7, 2005, instead of February 2005. This makes the board's decision seven months after the North Dakota State District Court's Order granting habeas relief. If this should provide the causal link to, and direct responsibility needed to show liability under 42 U.S.C. § 1983 needed to keep the Parole Board named as a Defendant then the Plaintiffs would wish that be Ordered.

1

> The Plaintiffs apologize to the Court for any confusion created by their mistake, it was not meant to deceive the truth, just a mistake.

See Docket No. 15. The Report and Recommendation found, in part, that because the Parole Board made its determination approximately one month before the state district court entered its order finding that the Plaintiffs had not been afforded adequate due process at their disciplinary hearing, the Plaintiffs had failed to set forth a causal link between the Parole Board's decision and the alleged constitutional violations. See Docket No. 14. Even with the Plaintiffs' clarification of the timing of the events, the Plaintiffs' claim against the Parole Board must be dismissed.

A state has no duty to establish a parole system, and a prisoner has no constitutional right to release before the expiration of his sentence. See Greenholz v. Inmates of Nebraska Penal and Correction Complex, 442 U.S. 1, 7 (1979). Nevertheless, "state statutes may create liberty interests in parole release that are entitled to protection under the Due Process Clause." Board of Pardons v. Allen, 483 U.S. 369, 371 (1987). "A protected liberty interest is created when particularized substantive standards or criteria significantly guide parole decisions and the language is mandatory." Patten v. North Dakota Parole Bd., 783 F.2d 140, 142 (8th Cir. 1986).

Section 12-59-07 of the North Dakota Century Code delegates discretion to the Parole Board. This statutory provision provides that the Parole Board may grant an application for parole if it is convinced that an applicant will conform to any terms or conditions that it establishes. See N.D.C.C. 12-59-07. Further, Section 12-59-12 allows the Parole Board to reconsider any grant of parole on its own motion. See N.D.C.C. 12-59-12. Accordingly, an applicant has no specific conditions to fulfill under state statute that give rise to an expectation of release.

The Parole Board must review applications for parole in accordance with the rules it has adopted. However, as the Eighth Circuit observed in Patten v. North Dakota Parole Bd., there are

no formal rules for parole determinations other than those listed in an inmate handbook. See 783 F.2d 140, 142. This handbook apparently "does not contain any conditions precedent to parole, but only lists the factors considered." Id. Consequently, North Dakota has not created a protected liberty interest in parole, and Tweed and Moses have no due process rights that attach to their interest in parole. Id. In other words, regardless of when the state district court ruled on the Plaintiffs due process claims, the Parole Board's decision could not constitute a constitutional violation because the Plaintiffs have no due process rights in regard to their interest in parole.

The Court has carefully reviewed the Report and Recommendation, relevant case law, the Plaintiffs' clarification, and the entire record and finds the Report and Recommendation to be persuasive. The Court **ADOPTS** the Report and Recommendation (Docket No. 14) in its entirety. The Court **ORDERS** that the Plaintiffs' claims against the North Dakota Parole Board be dismissed without prejudice, that the claim for damages against the Defendants in their official capacities be dismissed, and that the Plaintiffs be allowed to proceed with the remainder of their claims against the remaining Defendants. Pursuant to 28 U.S.C. § 1915(d), the Clerk of Court is directed to serve a copy of the complaint and this order on the Defendants with the assistance of the United States Marshal Service.

**IT IS SO ORDERED.**

Dated this 11th day of September, 2006.

> */s/ Daniel L. Hovland*
> Daniel L. Hovland, Chief Judge
> United States District Court