**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Reginald Tweed and Jonathan Moses, | ) | |
| | ) | |
| Plaintiffs, | ) | **ORDER ADOPTING** |
| | ) | **REPORT AND RECOMMENDATION** |
| vs. | ) | |
| | ) | |
| Timothy Schuetzle, Robert Coad, Elaine | ) | |
| Little, Patrick Branson, Steve Foster, Steve | ) | |
| Heidt, Barb Gross, Parole Board, | ) | |
| Classification Committee, | ) | |
| Multi-Disciplinary Committee, | ) | Case No. 1:06-cv-032 |
| | ) | |
| Defendants. | ) | |

___

## I.     BACKGROUND

On April 19, 2006, the plaintiffs, Reginald Tweed and Jonathan Moses, filed this pro se civil rights action under 42 U.S.C. § 1983. On November 13, 2007, the Defendants filed a motion for summary judgment. See Docket No. 28. Chief Judge Daniel L. Hovland referred the motion to Magistrate Judge Charles S. Miller, Jr. Judge Miller submitted a Report and Recommendation and recommended that the Defendants' motion for summary be denied and that partial summary judgment be granted in favor of Tweed dismissing the Defendants' affirmative defense of failure to exhaust remedies as required by the Prison Litigation Reform Act (PLRA), but only with respect to Tweed's claims of denial of due process during the disciplinary hearings that preceded the state habeas corpus petition. The parties were given ten (10) days to file an objection to the Report and Recommendation. On June 15, 2007, the Plaintiffs filed an objection to the Report and Recommendation. See Docket No. 46. On June 18, 2007, the Defendants filed an objection to the Report and Recommendation. See Docket No. 48.

## II.     PLAINTIFFS' OBJECTIONS

The Plaintiffs seek to clarify information set out in the Report and Recommendation The Plaintiffs assert that they were not placed in administrative segregation for 90 days as indicated in the Report and Recommendation, but rather spent 243 days in administrative segregation of which 90 days was designated as disciplinary detention.  The Plaintiffs also object to the entry of partial summary judgment dismissing the Defendant's affirmative defense of failure to exhaust remedies only as to Tweed.  Moses contends that he failed to file an appeal because it would have been futile.

## III.    DEFENDANTS' OBJECTIONS

The Defendants have conceded that they are estopped from asserting that the Plaintiffs did not exhaust their administrative remedies regarding the North Dakota State Penitentiary official's response to the state district court's March 30, 2005, Memorandum Opinion and Order.  Thus, the Court need only address the Defendants' objections pertaining to the Plaintiffs' due process complaints that arise out of the June 21, 2004, disciplinary actions.

The Defendants concede that Tweed properly exhausted his administrative remedies with respect to the claim that the Disciplinary Committee improperly considered confidential-informant information, but argue that the Court improperly relied on the state court's habeas decision to determine what issues were raised in Tweed's appeal.  The Defendants contend that the sole claim raised and exhausted by Tweed in his disciplinary action appeal was the improper consideration of information from a confidential informant.  The Defendants assert that Tweed's claims regarding Disciplinary Committee participant bias and whether statements were properly recorded are separate and distinct from Tweed's due process claim regarding the confidential-informant.

Although the Eighth Circuit has not yet determined how much information prisoners must provide in their grievances to satisfy the PLRA's exhaustion requirement, the Second, Seventh, and Tenth Circuits have determined what content is sufficient to satisfy the purpose of the PLRA exhaustion requirement which is to "afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." Porter v. Nussle, 534 U.S. 516, 524-525 (2002). The Second Circuit noted that the exhaustion requirement is "not dissimilar to the rules of notice pleading, which prescribe that a complaint 'must contain allegations sufficient to alert the defendants to the nature of the claim and allow them to defend against it.'" Johnson v. Testman, 380 F.3d 691, 697 (2nd Cir. 2004) (quoting Freedom Holdings, Inc. v. Spitzer, 357 F.3d 205, 234 (2nd Cir. 2004)). The Second Circuit adopted the exhaustion standard articulated by the Seventh Circuit that, "if prison regulations do not prescribe any particular content for inmate grievances, 'a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought. As in a notice pleading system, the grievant need not lay out the facts, articulate legal theories, or demand particular relief. All the grievance need do is object intelligibly to some asserted shortcoming.'" Johnson v. Testman, 380 F.3d 691, 697 (2nd Cir. 2004) (quoting Strong v. David, 297 F.3d 646, 650 (7th Cir. 2002)).

The Tenth Circuit adopted the standard of the Second and Seventh Circuits and, in holding that prisoners did not have to identify all alleged wrongdoing, the court reasoned that an additional procedural technicality is inappropriate for PLRA exhaustion. Kikumura v. Osagie, 461 F.3d 1269, 1283-1284. The Tenth Circuit noted that the grievance procedure is initiated by laymen and reasoned that more stringent pleading is not required to exhaust grievance procedures because prisoners typically file their grievances pro se, have just twenty days from the date of the injury to

3

file a grievance while in the custody of the Bureau of Prisons, and are incarcerated and often cannot investigate their own claims to identify the alleged wrongdoers. Id. at 1284.

Tweed's appeal from the Disciplinary Committee action states that he is challenging the decision of the Disciplinary Committee on due process grounds. From Tweed's appeal, it is clear that he properly challenged the consideration of information provided by a confidential-informant. Further, the Court finds that Tweed's appeal for lack of due process was enough to "alert ... the prison to the nature of the wrong for which redress is sought" regarding participant bias and the failure of the committee to record the hearings. Strong v. David, 297 F.3d 646, 650 (7th Cir. 2002). The Court's decision is bolstered by the fact that Tweed had only 48 hours after the Disciplinary Committee's decision in which to file an appeal regarding the loss of good time credit. See Docket No. 30-3, p. 9.

Finally, the Defendants contend that Moses's due process claims must be dismissed as a matter of law because Moses failed to appeal his disciplinary action and, therefore, did not exhaust his due process claims. As noted in the Report and Recommendation, the Court and the parties would benefit from a more complete record on this subject matter.

## IV.     CONCLUSION

The Court has carefully reviewed the Report and Recommendation, relevant case law, and the entire record and finds the Report and Recommendation to be persuasive. The Court **ADOPTS** the Report and Recommendation (Docket No. 40). The Court **ORDERS** that the Defendants' Motion for Summary Judgment (Docket No. 28) is **DENIED**.

The Court is of the opinion that an early settlement conference would be appropriate and beneficial in this case. The parties are ordered to contact the chambers of Magistrate Judge Charles S. Miller within ten (10) days from the date of this order to coordinate the scheduling of an early settlement conference to be held at the North Dakota State Penitentiary in Bismarck, North Dakota.

**IT IS SO ORDERED.**

Dated this 12th day of July, 2007.

/s/  Daniel L. Hovland
Daniel L. Hovland, Chief Judge
United States District Court