**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Reginald E. Tweed and Jonathan Moses, | ) | |
| | ) | |
| Plaintiffs, | ) | **ORDER ADOPTING REPORT** |
| | ) | **AND RECOMMENDATION** |
| vs. | ) | |
| | ) | |
| Timothy Schuetzle, et al., | ) | |
| | ) | Case No. 1:06-cv-032 |
| Defendants. | ) | |

_____

The plaintiffs, Reginald Tweed and Jonathan Moses, are inmates of the North Dakota Department of Corrections and Rehabilitation. On April 19, 2006, the Plaintiffs filed a pro se civil rights action under 42 U.S.C. § 1983. See Docket No. 1. The Plaintiffs alleged civil rights violations arising from disciplinary actions taken against them by prison officials after they were found by the disciplinary committee (Adjustment Committee) to have assisted in an escape attempt. Both Plaintiffs were stripped of their good-time credits and placed in administrative segregation for a period of time. Other sanctions regarding housing and employment were also imposed.

The Plaintiffs filed an action in Burleigh County District Court for habeas corpus relief. On March 30, 2005, the state district court granted habeas relief and ordered Warden Timothy Schuetzle to reinstate the Plaintiffs' good-time credits. The Plaintiffs later complained to the Defendants that the escape convictions continued to be used against them despite the state district court's orders. The Plaintiffs wanted reinstatement of lost privileges, expungement of any reference to the disciplinary proceedings from their records, and compensation for lost wages and legal fees. When the Defendants refused to grant such relief, the Plaintiffs filed this action in federal district court.

On July 20, 2007, attorney Chad R. McCabe entered his appearance as counsel of record for the Plaintiffs. See Docket No. 52. On August 15, 2007, a settlement conference was held at the

North Dakota State Penitentiary (NDSP), with Mr. McCabe representing the Plaintiffs. The parties reached a tentative settlement subject to the parties being able to agree to the language of the settlement agreement. A settlement agreement was ultimately signed by the parties on various dates in September 2007. In accordance with the terms of the settlement agreement, a stipulation of dismissal, pursuant to Fed. R. Civ. P. 41(a)(1)(ii), was filed on October 3, 2007. See Docket No. 66. On October 4, 2007, the Court adopted the stipulation. See Docket No. 67.

On October 7, 2008, the Plaintiffs filed a pro se motion to vacate the Court's October 4, 2007, order pursuant to Rule 60(b)(3) of the Federal Rules of Civil Procedure. See Docket No. 71. On October 16, 2008, the Defendants filed a response in opposition to the motion. See Docket No. 77. Magistrate Judge Charles S. Miller, Jr. conducted a review of the record and relevant case law and submitted a Report and Recommendation on January 6, 2009. See Docket No. 81. Judge Miller recommended that the motion to vacate be denied because the Plaintiffs failed to demonstrate by clear and convincing evidence that they were entitled to relief under Rule 60(b)(3). The Plaintiffs were given ten (10) days to file an objection. Neither Plaintiff filed an objection to the Report and Recommendation. On January 28, 2009, the Court adopted the Report and Recommendation and denied the Plaintiffs' Rule 60(b)(3) motion. See Docket No. 82.

On February 19, 2009, Chad McCabe filed a motion to withdraw as counsel of record for the Plaintiffs. See Docket No. 83. On February 26, 2009, the Court granted Mr. McCabe's motion to withdraw. See Docket No. 86. The Court was eventually made aware that the Plaintiffs had not been receiving court filings on the Rule 60(b)(3) motion. Consequently, on March 23, 2009, the Court vacated its order adopting the Report and Recommendation, and gave the Plaintiffs until May

22, 2009, to file objections to the Report and Recommendation.  See Docket No. 91.  The Plaintiffs filed objections on March 16, 2009, and May 22, 2009.  See Docket Nos. 90 and 92.

In Moses's March 16, 2009, objection, he contends that at the August 15, 2007, settlement conference, the Defendants presented the Plaintiffs' crystal reports.[1]  Moses contends that prior to the settlement conference, the Plaintiffs were unaware that the crystal reports existed.  Moses states that, at the time of the settlement conference, the crystal reports read, in part:  "The Burleigh County District Court ordered the reinstatement of the earned goodtime credit which had been accumulated by moses prior to June 15, 2004.  NDSP will not consider the June 15 2004 adjustment committee decision for purposes such as classification future housing or work assignments."  See Docket No. 90 (errors and emphasis in original).  In addition, Moses states,

> Though this language, never before seen by the plaintiffs, addressed some of the original concerns the plaintiffs had, it did not address Pardon and Parole consideration.  As a result, the following language was drafted, with the obvious intent of ADDING it to the existing crystal report.
>
> The disciplinary conviction for escape on June 15, 2004, was invalidated as a result of the decision of the Burleigh County District Court on March 30, 2005.  The disciplinary conviction for escape and any factual recitation in the report describing the initial charge should not be used for Parole and Pardon consideration.

See Docket No. 90 (emphasis in original).  Moses contends that the Defendants fraudulently changed the language of the crystal reports following the settlement conference to allow the Defendants to consider the alleged escape attempt in making decisions regarding classification, future housing, and work assignments.

---

[1] A crystal report summarizes an inmate's disciplinary record by providing a description of each charge brought against the inmate, the facts underlying each charge, the determination that was made, and the sanctions that were imposed.

In Tweed's May 22, 2009, objection, he "objects to Magistrate Judge Charles S. Miller, Jr. (Miller) being involved with any aspect of the above titled case, and the Report and Recommendation should have been prepared by an unbiased party." See Docket No. 92. Tweed states,

> Miller told both Plaintiffs along with their attorney, Chad R, McCabe, at the Settlement Conference in August of 2007, that because of information he received in an in camera review of the Defendants' investigation of the escape attempt involving the Plaintiffs in June of 2004, he could no longer be impartial in this case, and that he would remove himself from making any further rulings, or decisions, in this case after his participation as mediator at the Settlement Conference. Miller should never have prepared the Report and Recommendation because his bias is shown throughout it's text.

See Docket No. 92 (errors and emphasis in original). Tweed contends that the intent of the parties in entering the settlement agreement was to prohibit the Defendants from being able to consider the alleged escape attempt in making discretionary decisions on employment, housing, classification, and parole and pardon consideration. Tweed states,

> The Plaintiffs believe if the Defendants are made to change the Crystal Report back to its original form as it was at the time of the [Settlement] Agreement adding the parole and pardon board to the list of things that the escape conviction could not be used in making discretionary decisions. The Defendants can deny the Plaintiffs employment for any reason, other than the escape attempt, the same goes for housing, classification, and parole and pardon board consideration. That was the written concession the Defendants made by entering into the Settlement Agreement. The Plaintiffs gave up any attempt to recover any further damages from the invalidated escape incident, and to drop their lawsuit in exchange for the Defendants' concessions.

See Docket No. 92.

The Court has carefully reviewed the Report and Recommendation, relevant case law, the Plaintiffs' objections, and the entire record and finds the Report and Recommendation to be

4

persuasive. The Plaintiffs have not established by clear and convincing evidence that the Defendants engaged in a fraud or misrepresentation that prevented the Plaintiffs from fully and fairly presenting their case at the settlement conference, as required for Rule 60(b) relief. Section C of the Settlement Agreement prohibits the Defendants from using the underlying facts of the Plaintiffs' alleged escape attempt for parole and pardon consideration, but there is no such prohibition for consideration of housing, work assignments, or other discretionary matters. See Docket No. 72-3. Accordingly, the Court **ADOPTS** the Report and Recommendation (Docket No. 81) in its entirety and **DENIES** the Plaintiffs' motion for Rule 60(b)(3) relief (Docket No. 71).

**IT IS SO ORDERED.**

Dated this 19th day of August, 2009.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, Chief Judge
United States District Court